UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

    Petitioner,

             – against –

MICHAEL D. BOCCASINI, PRESIDENT,
MI-BOC HOME IMPROVEMENTS,

    Respondents.

----------------------------------X

MEMORANDUM AND ORDER
09-mc-538 (JFB)

JOSEPH F. BIANCO, District Judge:

The United States brought this action to enforce an IRS summons against respondent Michael Boccasini as President of Mi-Boc Home Improvements, Inc. The Court held a hearing on June 1, 2010 at which respondent failed to appear. As set forth on the record at that hearing, the Court determined that the government had made the prima facie showing required for the Court to order enforcement of the summons. Because respondent did not appear and submitted no rebuttal evidence, the Court ordered the summons enforced and requested that the government submit a proposed order. The following day, the government submitted its proposed order, but respondent also wrote the Court apologizing for missing the hearing. The Court then ordered respondent to make a written submission as to why the Court should not order enforcement of the summons. Respondent made a written submission on June 21, 2010. Although the Court issued an oral ruling at the hearing on June 1, 2010, the Court has reviewed the issue *de novo* in light of the respondent's submission. After reviewing respondent's written submission, the Court again finds that the summons should be enforced.

Specifically, and as set forth on the record at the June 1 hearing, when a taxpayer fails to comply with an IRS summons to testify or produce documents, a federal district court has jurisdiction to compel compliance with the summons. *See* 26 U.S.C. § 7402(b) ("If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."). To obtain a district court order compelling compliance, the Government must make a *prima facie* showing that:

> "(1) 'the investigation will be conducted pursuant to a legitimate purpose,' (2) 'the inquiry may be relevant to the purpose,' (3) 'the information sought is not already within the Commissioner's possession,' and (4) 'the administrative steps required by the Code have been followed.'"

*Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). These four elements are commonly called "the *Powell* criteria." An affidavit from an IRS official can suffice to establish the *Powell* criteria. *See id.* ("Although it relied solely upon [IRS] declarations in both cases, an affidavit from the IRS is sufficient to establish the prima facie elements under *Powell*."); *see also Mollison v. United States*, 481 F.3d 119, 123 (2d Cir. 2007) ("[T]he IRS made its preliminary showing by way of [a revenue officer's] Declaration . . . .").

Here, the government has satisfied the *Powell* criteria. First, according to the declaration of Ellen Montieth, a commissioned Revenue officer, the IRS is conducting an investigation for the purpose of determining the tax liability of MiBoc Home Improvement, Inc. This is, in fact, a legitimate purpose. *See United States v. Cortese*, No. 6:09-MC-48, 2009 WL 2868237, at *1

2

(N.D.N.Y. Sept. 2, 2009) (finding summonses had a legitimate purpose because revenue officer "stated that she was conducting an investigation into the tax liability of respondent") (citing *United States v. White*, 853 F.2d 107, 112 (2d Cir. 1988)). Second, the summons seeks documents and records relating to the respondent's tax liabilities. This satisfies the second *Powell* factor because "[i]n furtherance of the inquiry, respondent's records and testimony may be relevant." *Id.* (citing *White*, 853 F.2d at 112). Finally, the affidavits state that the information sought is not within the IRS's possession and that the IRS has followed the proper administrative steps. (*See* Affs. ¶¶ 6-7.)

Once the government establishes a *prima facie* case, "'the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process.'" *Adamowicz*, 531 F.3d at 156 (quoting *Mollison*, 481 F.3d at 122). The Second Circuit has described the taxpayer's burden in rebutting the *Powell* criteria as "heavy" and stated that the taxpayer must disprove the validity of the IRS's actions by showing, for example, that the summons was issued in bad faith or for another improper purpose. *See, e.g., id.* at 157-62 (rejecting taxpayers' arguments that IRS summons was, *inter alia*, overly broad, sought irrelevant information, sought information that was in IRS's possession, and was issued in bad faith).

Here, respondent has not satisfied the heavy burden of disproving the validity of the IRS's actions. Respondent's arguments in his June 21, 2010 submission appear to relate to the merits of the underlying dispute between him and the IRS. Respondent does not assert, for example, that the records sought are irrelevant, already in the government's possession, or that the IRS has not followed the proper steps for enforcement. Moreover, in a June 23, 2010 submission, the government has provided evidence rebutting respondent's argument that Mi-Boc Home Improvement was not a corporation between 1999 and 2001.

3

Accordingly, for the reasons set forth above and on the record on June 1, 2010,

IT IS HEREBY ORDERED that petitioner's application is granted and respondents are directed to comply fully with the IRS summons served upon them by providing, on or before July 15, 2010, the requested information, including the Form 1120S for the annual periods ending December 31, 2000 and December 31, 2001.

The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010
Central Islip, New York